AVERY NORTHCUTT

*v*

JAMES MASSIE *et al.*

(*Nashville,* December Term, 1956)

Opinion filed March 8, 1957.

JOE R. HICKERSON and PAT B. LYNCH, Winchester, for appellants (intervening petitioners).

WHITE, GULLETT & PHILLIPS, TOM STEWART, Nashville, BEN E. CALDWELL, T. J. SWAFFORD, Chattanooga, RICHARD C. SORLIEN, Philadelphia, Pa., for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause is here on a direct appeal from the Chancery Court of Grundy County. The principal question made in the lawsuit is whether or not the cause of action is barred by the statute of limitations.

It seems the bill in this cause was filed to sell a large acreage of land in Grundy County for partition; said real estate belonging to Fannie Moffitt, who, in 1955, died

intestate in Grundy County, Tennessee. Sometime later, March 19, 1956, the Greeter Lumber Company filed an intervening petition in said proceeding and sought specific performance of a contract which it claimed to have, whereby T. B. Northcutt, James H. Northcutt and Fannie Moffitt contracted to sell to the Greeters the said Northcutt Woodland, being a pine grove and consisting of about 100 acres, for a price of $3,500. This contract was dated May 18, 1940, and reads as follows:

"State of Tennessee
Grundy County

"For and in consideration of One Dollar cash and other valuable considerations, to be paid by us by the Greeter Lumber Company of Altamont of Altamont, Tenn., we T. B. Northcutt, Jas. H. Northcutt & Miss Fanny Moffitt, the only heirs of H. B. Northcutt dead do herein by contract, sell and convey to the said Greeter Lumber Co., a certain piece of property known as the Northcutt Woodland or Pine Grove of 100 acres or more or less all of which is inclosed in a fence and all is on the East side of Pike No. 56 and includes all the standing timber of all kinds together with all the land that it situns on, for a price of $3500.00 Thirty Five Hundred Dollars, and said Northcutt obligate themselves to make a warrantee deed to said Greeters soon as a proper survey can be had or produced conveying the same.

"And we The Greeter Lumber Co., composed of Jno. Greeter, Harvey Greeter, Leo Greeter & Werner Greeter, who compose the Greeter Lumber Co., obligate ourselves to carry out this agreement and trade as is written herein and have bought and closed this trade on this May 18, 1940, at two P.M. o'clock.

"It is further agreed by all parties herein that H. B. Williams may hold this paper agreement & contract until it is carried out by the execution of a deed from Northcutt to Greeter and the full amount of $3500 is paid to said Northcutt by said Greeters.

"This May 18, 1940.

"/s/ T. B. Northcutt
Jas. H. Northcutt
Miss Fanny Moffitt
Signed by Jas. Northcutt
"/s/ John Greeter
Harvey Greeter
Leo Greeter
Werner Greeter
Signed by Werner Greeter"

The complainants filed a demurrer to the petition pleading the six year statute of limitations, the seven year statute of limitations and the statute for the prevention of frauds and perjuries, and gross laches.

The Chancellor sustained the demurrer to the defense of the six year statute of limitations and as to the defense of laches.

It is contended that the contract contemplated a survey to be made by the owners preceding their execution of a warranty deed, and that the Greeters cause of action did not accrue, in the absence of a survey, thus entitling the present owners the right to plead the six and seven year statutes of limitations, and gross laches.

The petitioners insist that there was no limit of time placed upon the survey but we must conclude that a reasonable time was contemplated by the parties. See Am.Jur. Vol. 1, Sec. 62.

The defendants contend that often during this nearly sixteen year period the Greeters or some of them approached the owners and were ready and willing to pay the purchase price of $3,500 if complainants would execute and deliver a deed as contracted.

It should be borne in mind that since the contract was made the owners were dying off one by one and during which period there was no compliance with the contract.

The decree of specific performance of a court of equity is largely discretionary with the Court. In *Campbell v. Bartlett,* 122 Tenn. 208, at page 216, 122 S.W. 250, at page 252, 25 L.R.A., N.S., 639, the Court said:

"Where there is any change in the circumstances, either of the estate or the parties, as the falling in of lives, or any great rise or fall in value, a specific performance will not be decreed."

Specific performance is largely a matter within the sound discretion of the Court. See *Parsons v. Hall,* 184 Tenn. 363, 199 S.W.2d 99; *Johnson v. Browder,* 185 Tenn. 601, 207 S.W.2d 1.

The Court can take judicial knowledge of the fact that growing timber was worth more in 1956 than in 1940.

It is contended by the complainants below that the cause of action arose immediately after making this contract in 1940, that is, the Greeters could have filed a bill to have the property surevyed and the contract carried out. There was no time limit fixed in the contract within which to make a survey, but we are of the opinion that this survey should have been made within a reasonable time after the execution of the contract. See Vol. 1, American Jur., page 453.

The Greeters contend that the cause of action did not accrue until the filing of the original bill in this cause to sell the lands of Miss Moffitt for partition. We think this insistence is met by T.C.A. sec. 28-102, which provides as follows:

*"Commencement at time of right to make demand.—*

"When a right exists, but a demand is necessary to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand."

In this cause the Greeters had a right to make a demand for a survey immediately after the contract in 1940, and we are of the opinion that the statute of limitations began to run from the time the Greeters had a right to demand a survey. This situation might be analogous to a note payable on demand. When a note is payable on demand, the right to make demand of payment accrues and is complete at its date, and the limitation commenced to run from the date of the note. See *Jenkins v. DeWar,* 112 Tenn. 684, 82 S.W. 470; *Todd v. Third National Bank,* 172 Tenn. 586, 113 S.W.2d 740.

In *Campbell v. Bartlett,* 122 Tenn. 208, at page 214, 122 S.W. 250, at page 251, 25 L.R.A., N.S., 639, this Court said:

"We are of the opinion, however, that the controversy must be decided adversely to complainant, on the ground that the present bill is in effect one to enforce a specific performance of the contract of sale evidenced by the title bond. Such rights must be enforced with reasonable promptness, even where the

writing does not in terms make time of the essence of the contract, especially when there has been a great increase in the value of the property.''

It further appears in the instant case that this contract of sale was never registered and remained in the possession of the Greeters for almost sixteen years without any action taken.

We think their cause of action is barred by the statute of limitations and also that the Greeters' cause of action is barred by laches. See Gibson's Suits in Chancery, Fifth Edition, paragraph 81.

It results that we find no error in the decree of the Chancellor and it is affirmed.