Jeff LEHNING and Joyce Lehning,
Plaintiffs/Appellants,

v.

Alex J. GATES and Imogene Gates,
Defendants/Respondents.

No. WD 43783.

Missouri Court of Appeals,
Western District.

June 11, 1991.

Steven A. Fritz, Sedalia, for plaintiffs/appellants.

James T. Buckley, Sedalia, for defendants/respondents.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

OPINION

TURNAGE, Judge.

Jeff Lehning and Joyce Lehning entered into a contract to sell a business building to Alex J. Gates and Imogene Gates. The Lehnings sued the Gateses for damages after the Gateses failed to pay the purchase price on the agreed closing date provided by the contract. Trial to a jury resulted in a verdict in favor of the Lehnings in the amount of $4700. The court sustained the Gateses' motion for judgment notwithstanding the verdict and granted their conditional motion for new trial. On this appeal the Lehnings contend their evidence was sufficient to show their performance of the conditions precedent in the contract. Affirmed.

The parties entered into a real estate contract in May, 1987. The contract was on a form but a typed provision stated "[s]eller/[l]essor to provide title insurance. survey. [sic]" The closing date set by the contract was December 28, 1987.

The contract provided that the Gateses would lease the property between the date of the contract and the closing date. The evidence further revealed that Imogene Gates is a real estate broker and occupied the main floor of the property and the Lehnings occupied the basement.

The contract provided that the Gateses would assume a first deed of trust on the property and would pay $10,600 on closing and give a note secured by a second deed of trust to secure the balance due. In November and December, 1987 the Lehnings had frequent conversations with the Gateses, and especially Mrs. Gates, primarily to gain assurance that the Gateses would have the money they were required to pay on closing. Mrs. Gates gave assurances that everything was fine and that the money was coming, however, on the day of closing the Gateses failed to pay the amount required and failed to complete the sale.

The Lehnings filed suit seeking damages for breach of contract with the jury verdict and judgment as noted above.

The Lehnings contend that the court improperly granted judgment n.o.v. because the evidence showed that they were ready and willing to perform the obligations under the contract. The Gateses contend that the court properly entered judgment in their favor because the Lehnings did not plead and prove that they had fulfilled the conditions precedent by furnishing title insurance and a survey.

There is no dispute that the Lehnings never supplied a title insurance commitment or survey. The Lehnings contend that the statements made by Mrs. Gates that everything was going fine indicated that they had tendered the performance under the conditions of the contract.

In 92 C.J.S. Vendor & Purchaser, § 222, pg. 91 (1955), it is stated that: "[w]hen required by the contract of sale to furnish an abstract, the furnishing of the abstract, showing a good or marketable title, is a condition precedent to be performed by the vendor. . . ."

Here, the contract required the Lehnings to furnish a commitment to issue a title policy and a survey. The Lehnings failed to supply either, nor did they offer to supply, a title commitment or survey. These obligations were conditions precedent which the Lehnings were required to plead and prove before they are entitled to recover on the contract. Having failed to plead and prove that they performed the conditions precedent imposed upon them, the Lehnings did not show facts which would entitle them to recover.

The statements made by Mrs. Gates do not show performance by the Lehnings. The statements were ambiguous at best but appear directed more to the fact that Gates expected to have the money they were to pay at closing, rather than to the performance by the Lehnings of their obligations under the contract.

The court correctly entered judgment n.o.v. The judgment is affirmed.

All concur.