**Phillip R. and Raylene BALLENGER, Appellants,**

v.

**CASTLE ROCK BUILDING COR-PORATION, d/b/a Eagle Bay Resort, Respondent.**

**No. WD 49901.**

Missouri Court of Appeals, Western District.

Aug. 1, 1995.

John Edmiston, Warrensburg, for appellants.

Patrick Woodley, Clinton, for respondent.

Before LAURA DENVIR STITH, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

This appeal arises out of the alleged breach of a real estate contract entered into between the appellants, Phillip and Raylene Ballenger, and the respondent, Castle Rock Building Corporation, d/b/a Eagle Bay Resort (Castle Rock). Castle Rock owns a subdivision known as Eagle Bay in Benton County. On July 13, 1992, the appellants entered into a "Real Estate Agreement" with Castle Rock for the purchase of a lot at the Eagle Bay Resort. The purchase price of the lot was $4995. The appellants made a down payment of $500 with the balance to be paid in accordance with a promissory note, with monthly installments of $78.11 payable to Castle Rock beginning on August 13, 1992, for a period of eight years. They made all of the required monthly payments through April 1993, as well as a payment on the annual assessment on the property in the amount of $72.

Pursuant to the terms of the agreement, Castle Rock was required to deliver a recorded warranty deed to the appellants within sixty days of the signing of the agreement, but no later than September 13, 1992. The agreement also provided that if the appellants did not receive the warranty deed within the specified time period, they were "requested" to notify Castle Rock in writing.

The appellants did not receive the original recorded warranty deed until May 1993. There was conflicting testimony as to when Castle Rock was first notified that the appellants had not received their warranty deed. Mrs. Ballenger testified that she wrote to Castle Rock in October 1992, notifying the company that they had not received the deed. Castle Rock's president, Daniel Spurck, testified that the company had not received Mrs. Ballenger's letter. He further testified that Castle Rock did not receive written notification until May 1993.

In a letter sent by the appellants' attorney, Castle Rock was advised that the appellants were rescinding the real estate agreement because they had not received the warranty deed within the time specified in the agreement. The appellants also requested a return of all sums paid under the agreement. The appellants stopped making payments on

the property after April 1993. Upon receipt of the letter from appellants' attorney, Castle Rock sent a letter to the appellants explaining that the deed had not been delivered because of "unavoidable delays" in obtaining property titles and that the deed would be recorded and delivered within fourteen days. A warranty deed was sent to the appellants on May 25, 1993, over nine months after the agreed upon deadline. Having already elected to rescind the agreement, the appellants refused to accept the untimely deed. In response, Castle Rock accelerated the debt and declared the entire balance due on the note.

In March 1994, the appellants filed a first amended petition alleging that Castle Rock's failure to provide the warranty deed within the period of time specified in the real estate agreement constituted a breach of the agreement, entitling appellants to a rescission of the agreement and a refund of all amounts paid to Castle Rock. In its responsive pleading, Castle Rock counterclaimed for the balance due on the promissory note. The case was tried to the court on July 7, 1994. The court found in favor of Castle Rock on appellants' petition and on Castle Rock's counterclaim, awarding damages in the amount of $4,252.90, plus costs. This appeal followed.

For their sole point on appeal, appellants contend the trial court erred and misapplied the law in determining that appellants were not entitled to rescission of the agreement and recovery of all sums paid to Castle Rock because Castle Rock breached the agreement by failing to deliver the warranty deed within the time period specified in the agreement. Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), in that we will sustain the trial court's judgment unless it erroneously declares or misapplies the law. *Id.* at 32.

■ "A party to a contract may, in certain instances, elect to rescind upon a breach by the other party." *McCullough v. Newton*, 348 S.W.2d 138, 142 (Mo.1961). "Rescission of a contract extinguishes it as effectually as if it had never been made, and restores the parties to the positions they occupied before the contract was executed." *Phillips v. Bradshaw*, 859 S.W.2d 232, 235 (Mo.App.

1993). To justify a rescission, the breach "must relate to a vital provision going to the very substance or root of the agreement, and cannot relate simply to a subordinate or incidental matter." *B & B Equip. Co. v. Bowen*, 581 S.W.2d 80, 85–86 (Mo.App.1979).

■ The purpose of the agreement in this case was the sale and purchase of real estate. Pursuant to the terms of the agreement, the property was to be conveyed when Castle Rock delivered the warranty deed within sixty days of the signing of the agreement, but no later than September 13, 1992. The recording and delivery of the warranty deed was essential to complete the transfer and conveyance of the property. Accordingly, we find that the delivery of a recorded warranty deed went to the very substance and root of the agreement.

■ Castle Rock argues that since the agreement did not contain a "time is of the essence" provision, the mere delay in delivery of the warranty deed did not constitute a material breach justifying rescission of the agreement. In support of this argument, Castle Rock relies on *Mills v. Keasler*, 395 S.W.2d 111 (Mo.1965). *Mills* is factually distinguishable. At issue in *Mills* was a contract for the exchange of real estate whereby the defendant agreed to transfer 640 acres of farm property with encumbrances not to exceed $82,500 in exchange for a motel owned by the plaintiff. Pursuant to the agreement, the defendant had until December 15, 1961, to take appropriate steps to ensure that the encumbrances on the property did not exceed $82,500. At the time of the execution of the contract in October 1961, the plaintiff knew that the encumbrances exceeded $82,-500. However, two days after the contract was executed, the plaintiff prematurely recorded the deed rather than waiting until the time specified in the contract. As a result, the completion of the conveyance was delayed several months beyond the December 15 deadline. The court determined that the plaintiff could not rescind the agreement on the ground of untimely performance because the plaintiff had contributed to the delay in performance and extended the time for the defendant to complete his obligations under

the agreement. *Id.* at 117. After determining that the plaintiff had contributed to the delay, the court found that the plaintiff was in no position to complain of the delay and, therefore, the defendant was entitled to a reasonable time beyond the date specified in the agreement within which to comply. *Id.*

■ In this case, the court made no finding that the appellants contributed to the delay in delivery of the warranty deed. Castle Rock suggests, however, that the appellants contributed to the delay by failing to notify the company in writing that they had not received the deed. Although Mr. Spurck testified that Castle Rock had not received written notice prior to May 1993, Mrs. Ballenger testified that she wrote a letter to Castle Rock in October 1992, notifying the company that they had not received the warranty deed. A copy of this letter was admitted into evidence at trial. She also testified that after purchasing the property, she had almost monthly phone contact with various personnel from Castle Rock, during which time she would inquire about the warranty deed. Mr. Ballenger also testified that he had inquired about the warranty deed prior to May 1993. In any event, delivery of the warranty deed was not conditioned upon appellants notifying the company. Pursuant to the terms of the agreement, Castle Rock had an express obligation to deliver the warranty deed to the appellants within sixty days of the signing of the agreement, but no later than September 13, 1992. Clearly, this was not done and, for this reason, Castle Rock was in breach of the agreement. There was no provision in the contract requiring appellants to notify the company. The contract simply provided that appellants were "requested" to notify the company in writing if they did not receive the warranty deed within the specified time period.

■ An unreasonable delay in performance may constitute sufficient grounds for rescission of a contract. *See, e.g., Montgomery v. Wise,* 138 Mo.App. 176, 120 S.W. 100, 105 (1909). In *Montgomery,* the court found that when no time was specified in the agreement, performance must be made within a reasonable time. The court held that the defendants breached the agreement when

they failed to furnish an abstract showing clear title. *Id.* Similarly, in *Austin v. Shipman,* 160 Mo.App. 206, 141 S.W. 425, 428 (1911), the court held that the seller's failure to furnish an abstract showing marketable title within a reasonable time entitled the purchaser to a rescission of the real estate agreement and recovery of the money paid.

■ What constitutes a "reasonable time" for performance depends upon the circumstances of each case. *Three–O–Three Inv., Inc. v. Moffitt,* 622 S.W.2d 736, 741 (Mo.App. 1981). When time is specified in a contract, it may be viewed as a designation of the reasonable time for performance. *Sides Constr. Co. v. Arcadia Valley R–II Sch. Dist.,* 565 S.W.2d 761, 765 (Mo.App.1978).

■ In this case, there were two designated deadlines for delivery of the warranty deed. First, the contract provided that Castle Rock was required to deliver the warranty deed within sixty days of the signing of the agreement, which would have been by September 11. The contract further specified that delivery was to be made no later than September 13, 1992. These deadlines set forth a reasonable period of time for delivery of the warranty deed. However, there is nothing in the record to indicate that Castle Rock made any efforts to record or deliver the warranty deed within the specified time period or at any time prior to May 1993. The only explanation given for Castle Rock's failure to deliver the warranty deed was that the company was having "unavoidable delays" in obtaining property titles. This was expressed in a letter sent to the appellants after they had already notified Castle Rock of their intent to rescind the agreement. At trial, Mr. Spurck testified that he had no idea what was meant by "unavoidable delays," but acknowledged that apparently a mistake had been made.

The time period specified in the agreement provided a reasonable time within which to comply. Castle Rock's failure to deliver the warranty deed within the designated time constituted a breach entitling the appellants to rescind the agreement. We therefore conclude that the trial court misapplied the law.

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment consistent with this opinion.

All concur.