Thomas W. SCHAEFER and Keeter/Schaefer Properties, Inc., Plaintiffs–Respondents,

v.

James RIVERS and Deborah Rivers, husband and wife, Defendants–Appellants.

No. 21759.

Missouri Court of Appeals, Southern District, Division One.

March 31, 1998.

C. Bradley Tuck, Tuck & Associates, P.C., Springfield, for Defendants–Appellants.

James K. Justus, Justus & McCullah, Forsyth, for Plaintiffs–Respondents.

PREWITT, Judge.

Plaintiffs, as sellers, and Defendants, as purchasers, entered into a contract for the sale of real estate. Plaintiffs contended that Defendants breached the agreement by refusing to purchase the property and sought as liquidated damages the amount of a deposit made by Defendants in conjunction with the contract. Following non-jury trial, judgment was entered in favor of Plaintiffs for the relief sought. Defendants appeal.

Appellate review of a non-jury case is provided in Rule 73.01(c). As that rule is construed, the judgment of the trial court is to be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Humphrey v. Sisk*, 890 S.W.2d 18, 20 (Mo.App. 1994). The trial court's judgment is presumed valid and the burden is on the appellant to demonstrate its incorrectness. *Id.* Due regard is given to the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). All fact issues upon which no findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(3).

No request for findings of fact or conclusions of law was made by the parties and the court made neither. Nor is there any other explanation in the record of the basis of the trial court's determination. Therefore, the judgment is to be upheld on any reasonable theory within the pleadings and supported by the evidence. *See Nail Boutique, Inc. v. Church*, 758 S.W.2d 206, 208 (Mo.App.1988).

The contract provided "seller to flag corners of property being sold. Boundaries will correspond with legal description of Tracts 7, 8 & 9. Survey work to be done by a licensed surveyor, certified by Taney County." Defendants contend this had not occurred prior to closing and thus they were entitled to rescind the contract and to a return of their deposit.

There was evidence that after the contract was entered into it was difficult to locate a surveyor who could flag the corners prior to the closing date, but that Plaintiff Thomas W. Schaefer did locate a qualified surveyor. The surveyor testified that on the day before closing, he flagged twelve of the fourteen points, or corners, of the property. He testified that wet weather kept him from setting the other two corners because his electronic equipment would not function properly in the moisture. He indicated that the two points he was not able to set were located over a hill or bluff overlooking Lake Taneycomo and not between Lots 8 and 9.

An employee of Defendants testified that he went to the property on the day of the closing and he saw no flags. For that reason, Defendants refused to proceed with the closing. However, in our review, we must consider that the trial court found that twelve of the fourteen corners were marked, as that may be in accordance with the result reached. Assuming that these points were flagged, we must assume they were properly done, as there is no contention that they were not accurate. *See Green, Inc. v. Smith*, 40 Ohio App.2d 30, 317 N.E.2d 227 (1974). Although the contract does not specifically set forth within what time frame the corners must be flagged, it is a reasonable construction that it should have been done before

closing. Where there is no set time for a survey, it must be done within a reasonable time. *Northcutt v. Massie,* 201 Tenn. 638, 301 S.W.2d 355, 356 (1957); 91 C.J.S., *Vendor and Purchaser,* § 101, p. 993 (1955).[1]

Plaintiffs contended that they substantially complied, as the flags in place were sufficient to accomplish the purpose of the flagging as requested by Defendants. The purpose of the flags was to enable Defendants to determine if there would be any encroachment by adjoining property owners or other problems in connection with the legal description. There was evidence indicating that with the twelve flags such could be determined.

■ Defendants assert that the trial court could not have found substantial compliance of the agreement because this was beyond the pleadings in Count I of Plaintiffs' petition upon which the case was tried, as that count did not plead substantial compliance. It is true that the count did not use those words but did plead that all but two of the flags had been set. We construe that count as being broad enough to include compliance or substantial compliance, but whether it did no longer makes a difference as Plaintiffs presented evidence without objection regarding whether the flagging was done. Therefore, even if not formally pled, the pleadings were amended to conform to the evidence under Rule 55.33(b). *See Gee v. Gee,* 605 S.W.2d 815, 817 (Mo.App.1980). *See also Brazell v. St. Louis Southwestern Ry. Co.,* 632 S.W.2d 277, 281 (Mo.App. 1982)("Where evidence is admitted without objection, on appeal we will consider that the pleadings were amended to conform to the evidence. Issues not raised by the pleadings but tried by express or implied consent shall be treated in all respects as if they had been raised by the pleadings.")[2]

Defendants cite *Lehning v. Gates,* 809 S.W.2d 886, 887 (Mo.App.1991), to support their contention that they were justified in rescinding the contract. However, we do not believe that decision is controlling. In *Lehning,* there was to be supplied a title insurance commitment and a survey, and neither was done. Here, the trial judge would have been justified in finding there had been substantial and sufficient performance of the flagging for the purposes sought.

■ In the absence of an express provision in a contract requiring literal compliance, substantial compliance of a contract is sufficient. *Gundaker v. Templer,* 560 S.W.2d 306, 309 (Mo.App.1977). "A party's performance under a contract is substantial if the deviation from the contract was slight and if the other party received substantially the same benefit it would have from literal performance." *Id.See also Hercules Construction Co. v. C.J. Moritz Co.,* 655 S.W.2d 779, 785 (Mo.App.1983), *overruled on other grounds by Wyrozynski v. Nichols,* 752 S.W.2d 433, 437 (Mo.App.1988)(strict compliance not required; substantial compliance must be accepted). *Bethell v. Porter,* 595 S.W.2d 369, 376 (Mo.App.1980)("substantial performance (and not total freedom from omission or fault) based upon good faith performance, will support recovery").

"Substantial, though incomplete, performance of contractual duties with only slight deviations from the contract is sufficient evidence of performance by the party seeking to enforce the agreement." *E.A.U., Inc. v. R. Webbe Corp.,* 794 S.W.2d 679, 685 (Mo.App. 1990). *See also McAlpine Co. v. Graham,* 320 S.W.2d 951, 954 (Mo.App.1959) (slight or trivial defects, imperfections, or variations will not bar a contract action for one who has made an honest endeavor to comply and has substantially done so).

Here, there was evidence indicating that Defendants wanted to avoid the contract

---

**1.** Whether the difficulty in obtaining a surveyor and the weather conditions would have justified an extension of the closing date, as contended by Plaintiffs, is not an issue we reach.

**2.** There was evidence that the remaining two flags were later set and no indication that their location would have entitled Defendants to any relief. However, the effect of this or whether under the contract Defendants would have been entitled to any relief were the flags not where the parties thought they should be is not an issue reached here.

because soil samples indicated that the construction ·contemplated would be more expensive than Defendant's originally contemplated. There is authority that the motive of purchaser in rescinding a contract is immaterial if there has been a breach which would entitle the purchaser to do so. *See* 77 Am.Jur.2d, *Vendor and Purchaser*, § 614, p. 551 n. 20 (1997). If Defendants wished to avoid the contract, that may have been a factor in the trial court's determining the credibility of witnesses and whether, in fact, the failure to flag the remaining two corners prevented Plaintiffs from substantially complying with the agreement. With our limited review, we generally defer to the trial court in such matters.

 A material breach in a contract may excuse the other party's performance. *Campbell v. Shaw*, 947 S.W.2d 128, 132 (Mo. App.1997). "Whether a breach is material or immaterial is a question of fact." *Id.* Here, the trial court was justified in finding that Plaintiffs substantially complied, in that as marked, the twelve corners would have reflected the boundaries and would have allowed Defendants to determine if there was a possible encroachment upon the boundaries of the tract, and that Plaintiffs' failure to flag the other two corners was not a material breach.[3]

Under this court's limited review and upon determining that there could have been a justifiable basis for the trial court's determination, we cannot say the trial court erred in ruling for Plaintiffs.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.

---

**3.** Apparently the surveyor also prepared a survey when flagging the corners, and that might have reflected on whether there was substantial compliance or material breach, but that survey is not before us.