Joe Wayne **BOWLES**, et al., Respondents,

v.

**ALL COUNTIES INVESTMENT CORP.**, et al., Appellants.

No. 23725.

Missouri Court of Appeals, Southern District, Division Two.

June 4, 2001.

Daniel H. Miller, Stites, Hopkins & Miller, Columbia, for appellants.

Steven E. Marsh, Hulston, Jones, Marsh & Shaffer, Springfield, for respondents.

BARNEY, Chief Judge.

Appellants, All Counties Investment Corporation, ("the Corporation") and Arlie D. Nole, ("Nole") appeal from a judgment awarding Respondents, Joe Wayne Bowles and Gloria Dean Bowles, ("Respondents" and "Bowles") the sum of $3,500.00 arising from a real estate sales transaction involving a parcel of land in Dade County ("the property"). Appellants submit two points relied on. Appellants assert that the trial court erred when it incorrectly based its judgment on the grounds of fraud, and when it ruled for Respondents because their pleadings and proof were insufficient to establish fraud.

"The standard of review in a court-tried case is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Ford Motor Credit Co. v. Henson*, 34 S.W.3d 448, 450 (Mo.App.2001). "We must affirm the trial court's judgment unless [there is] no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Id.; Murphy*, 536 S.W.2d at 32. "The trial court's judgment is presumed valid and the burden is on the appellant to demonstrate its incorrectness." *Schaefer v. Rivers*, 965 S.W.2d 954, 956 (Mo.App. 1998). "Under Rule 84.13(d), formerly Rule 73.01(c), we give due regard to the trial court's opportunity to judge the credibility of the witnesses." *Kerr v. Louderback*, 35 S.W.3d 511, 513 (Mo.App.2001). "Trial judges are better able than appellate courts to assess the credibility of the

parties and other intangibles that are not completely revealed by the record on appeal." *Id.* "All fact issues upon which no findings are made shall be considered as having been found in accordance with the result reached." *Schaefer,* 965 S.W.2d at 956; *see* Rule 84.13(d), Missouri Court Rules (2000); *NationsBank, N.A. v. Follis,* 15 S.W.3d 421, 422, n. 1 (Mo.App.2000).

Viewed from the perspective of the foregoing legal precepts, the evidence shows that the Corporation is a bail bonding entity and Nole is its president. The Corporation received a quitclaim deed in April 1998 as "collateral" for a note taken as payment of a bond premium. At that time the land was encumbered by a prior, first mortgage securing an indebtedness of between $9,000.00 to $10,000.00. On January 27, 1999, Bowles contacted Nole concerning purchasing the land in question and Nole agreed to sell the property to Bowles for $3,500.00. Both parties were aware of and discussed the first mortgage foreclosure sale on the property that was to take place the following day, January 28, 1999.[1] Nole assured Bowles that the forthcoming foreclosure sale "would be a bogus sale." In his testimony at trial, Bowles repeated that Nole told him that "it [the foreclosure sale] wouldn't go through. He said it was just a bogus sale ... You've got no problem. Go record it before 2:00, and that's just the process of it. If it does, anything happens, I'll give you your money back." The next day, Bowles delivered Nole a cashier's check for $3,500.00 and Nole gave Bowles a quitclaim deed to the land. Bowles recorded the quitclaim deed from the Corporation prior to 2:00 p.m. on the 28th day of January 1999. Later that afternoon, however, the foreclosure sale in fact took place and the property was sold, apparently to the mortgagee. Nole refused to return the $3,500.00. Nole testified that "I basically told him [Bowles] to go fly a kite."

As Appellants' two points are interrelated, we shall discuss them out of order and conjunctively, for the sake of clarity. Appellants premise trial court error on the basis that Respondents failed to establish fraud on the part of Appellants in their pleadings, as well as in their proof at trial. Appellants maintain that the trial court's judgment was based on fraud arising from representations by Nole that the foreclosure would be bogus. They argue that a claim for fraud cannot be predicated upon a representation of law. Furthermore, Appellants assert that there was no evidence supporting an exception to the foregoing general principle of law. We agree. Nonetheless, as set out, *infra,* we determine there is sufficient basis to affirm the trial court's judgment awarding Respondents $3,500.00 on the basis of breach of contract.

 We recognize the general rule that "an action for fraud (and also an affirmative defense of fraudulent misrepresentation) cannot be based on misrepresentations of law." *Lucas v. Enkvetchakul,* 812 S.W.2d 256, 260 (Mo.App.1991); *Fredrick v. Bensen Aircraft Corp.,* 436 S.W.2d 765, 770 (Mo.App.1968). "That rule is based on the principle that everyone is presumed to know the law and is bound to take notice of the law and, therefore, in legal contemplation, cannot be deceived by representations concerning the law or permitted to say he has been mis-

---

1. Bowles acknowledged that prior to January 27, 1999, on three or four occasions he had seen in the "paper" where there had been previous notices of a forthcoming foreclosure sale on the property. Indeed, he acknowledged that on several occasions he went to the courthouse "to possibly purchase the property," but on those occasions nobody showed up for the foreclosure sale.

led." *Lucas,* 812 S.W.2d at 260. We also observe that there are two recognized exceptions to the foregoing general rule: (1) where there is a relationship of trust and confidence between the parties, and (2) where one party is possessed or claims to be possessed of superior knowledge of the law and takes advantage of the other party's ignorance of the law to mislead him. *Fredrick,* 436 S.W.2d at 770. In the instant matter, there appears to be little doubt that the representation made by Nole to Bowles that the foreclosure sale would be a bogus sale was a representation concerning the law. Furthermore, neither of the two previously recited exceptions applies here because both Nole and Bowles were dealing at arm's length without a relationship of trust and confidence existing between them. Also, there was no evidence that Nole had knowledge of the law superior to what Bowles was presumed to possess, particularly in light of the fact that the record shows that Bowles was perfectly aware of the ramifications of a foreclosure sale. *See id.*

 Nevertheless, this does not end our analysis. In the instant matter:

[n]o request for findings of fact or conclusions of law was made by the parties and the court made neither. Nor is there any other explanation in the record of the basis of the trial court's determination. Therefore, the judgment is to be upheld on any reasonable theory within the pleadings and supported by the evidence.

*Schaefer,* 965 S.W.2d at 956. "The appellate court is primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result." *Business Men's Assur. Co. v. Graham,* 984 S.W.2d 501, 506 (Mo. banc 1999); *see also Lucas,* 812 S.W.2d at 262. "[T]he character of a cause of action is determined by the facts stated in the petition and not by the prayer or name given the action." *Cottonhill Inv. Co. v. Boatmen's Nat. Bank,* 887 S.W.2d 742, 744 (Mo.App.1994); *see also Weber v. Weber,* 908 S.W.2d 356, 359 (Mo. banc 1995). Here, the petition supports a claim for breach of contract. *See Fidelity Nat. Title Ins. Co. v. Tri–Lakes Title Co.,* 968 S.W.2d 727, 731 (Mo.App.1998).[2]

 In their first amended petition, Respondents pleaded, *inter alia,* that Nole represented to Bowles that: (a) the Corporation owned the property in question; (b) there was a prior mortgage against the property; (c) that there was to be a foreclosure on the property, but that the foreclosure sale was a "bogus" sale and "would be ineffective or canceled if Bowles paid [Appellants] $3,500.00 and recorded the deed from [Appellants] prior to the foreclosure sale;" (d) that Bowles paid Appellants the $3,500.00 and recorded the deed prior to the foreclosure sale; and (e) the foreclosure sale took place on January 28, 1999, but the money was never returned to Bowles. Furthermore, at trial, without objection Bowles testified that Nole had promised to return the money if the foreclosure sale went through, to-wit: "If it does, anything happens, I'll give you your money back. . . ." As Bowles testified, the money was never returned to him. Accordingly, although Respondents petition did not formally plead that Nole had agreed to return the money in the event of

─────────────

**2.** "To make a submissible case for a breach of contract claim, a plaintiff must allege and prove (1) mutual agreement between parties capable of contracting; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of contract." *Id.* at 730. With regard to a claim for rescission of a contract following a breach *see Ballenger v. Castle Rock Bldg. Corp.,* 904 S.W.2d 62, 64 (Mo.App.1995).

the foreclosure sale, the pleadings were amended to conform to the evidence under Rule 55.33(b), Missouri Court Rules (2000). *Schaefer*, 965 S.W.2d at 957. Respondents were entitled to the relief received. *See Cottonhill Inv.*, 887 S.W.2d at 744.

The judgment of the trial court is affirmed.

PREWITT and RAHMEYER, JJ., concur.