**CINCO ENTERPRISES, INC.**
**Plaintiff-Respondent,**

**v.**

**LAKE ST. LOUIS ESTATES COMPANY,**
**INC., Defendant-Appellant.**

No. 38932.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 23, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 11, 1977.

Robert C. Jones, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for defendant-appellant.

Edward C. Ahlheim, St. Charles, for plaintiff-respondent.

GUNN, Judge.

In this mechanic's lien case, the trial court found that plaintiff-respondent's mechanic's liens for work performed had priority over a prior recorded deed of trust. The issue at trial and on this appeal concerns only the priority rights of the mechanic's liens. We affirm the trial court's judgment that the plaintiff-respondent's lien be given preeminence over the deed of trust.

Plaintiff-respondent instituted a suit to enforce mechanic's liens for house foundation work performed on certain lots in the Lake St. Louis Estates subdivision in St. Louis County. Defendants-appellants are trustees or successor trustees under a deed of trust given as security for a $17,000,000 land development construction loan made by Citizens Mortgage Investment Trust (CMIT) for Lake St. Louis Estates. The parties stipulated that the work giving rise to the mechanic's liens was done pursuant to a valid contract; that the amount charged, totaling $9,692.65, was fair and unpaid; that the mechanic's liens impressed upon the lots were properly filed and perfected.

The deed of trust was executed and recorded on March 20, 1974. A land development construction loan agreement between CMIT and Lake St. Louis Estates Co. covering the development and platting of 1320 single family residence lots was incorporated by reference in the March 20 deed of trust. The foundation work on the four lots leading to the mechanic's liens was commenced by plaintiff-respondent on April 24, 1974 and completed during June, 1974.

Defendants-appellants contend that the work done by plaintiff-respondent was foreign to the purposes to the construction loan; that inasmuch as the deed of trust was recorded prior (March 20, 1974) to the commencement of plaintiff-respondent's construction work (April 24, 1974), the deed of trust is superior to the mechanic's liens claim. We find that the facts of this case to be squarely within the ambit of *Drilling Service Company v. Baebler,* 484 S.W.2d 1 (Mo.1972), and therefore hold that the plaintiff-respondent's mechanic's liens have priority over the prior recorded deed of trust.

In *Drilling Service Company v. Baebler, supra,* it was held that where a loan is made for a construction project under knowledge and contemplation that mechanic's and materialmen's liens can arise from project construction, the lender is deemed to have waived claim of priority of its deed of trust as to such mechanic's and materialmen's liens.

In this case the construction loan agreement executed between the lender (CMIT) and Lake St. Louis Estates provided that Lake St. Louis Estates was to:

" . . . construct or cause to be constructed upon the premises certain land development improvements, namely, developing approximately 1320 single family residential lots thereon . . . together with other improvements, hereinafter referred to as the 'Project', which shall be completed in accordance with the 'Plans' designated on Exhibit 'B' on or before March 20, 1979, hereinafter referred to as the 'Completion Date'. The entire Project shall be completed free of all contractor's, mechanic's and materialmen's liens or claims therefor or any other lien or claim *which might enjoy priority over that of Lender's Mortgage.*" [emphasis supplied.]

It is evident from the foregoing that CMIT was fully aware that there was to be a single project development; that the project was substantial; that construction—not merely the clearing of land—was to be performed; that plans for the project were in existence and known to CMIT at the time the loan was made; that, critical to this case, was the explicit knowledge of CMIT that contractors', mechanics' and materialmen's liens could be established with such future liens having priority over CMIT's deed of trust.

Applying the principles of *Baebler* to the circumstances of this case, we find that there has been a waiver by CMIT of any claim of priority over plaintiff-respondent's mechanic's liens and that the latter enjoys priority over the deed of trust.

Defendants-appellants claim that the plaintiff-respondent's work for the construction of foundations for model display homes was totally foreign to the purposes of the loan, which was to be for the "developing approximately 1320 single family lots." Au contraire—the construction of model homes was central to the purpose for which the loan was made.

Paragraph 8.2 of the construction loan agreement executed by CMIT details a home lot sales program. The model homes on which plaintiff-respondent worked were essential to interest prospective lot purchasers, to show the architectural style of the planned community for Lake St. Louis Estates and to provide lot purchasers with an informed choice as to the particular style of structures available for construction and purchase. The construction by plaintiff was logically consonant with the contemplated land sales program referred to in the loan agreement as embraced in the deed of trust. The work performed by plaintiff was within the scope of the original plans fully known to defendants-appellants from the outset. Hence, under the doctrine of waiver set forth in *Baebler,* the trial court correctly held plaintiff-respondent's mechanic's liens superior to the deed of trust lien.

The judgment is affirmed.

KELLY, P. J., and WEIER, J., concur.