**BUTLER SUPPLY, INC. a Corporation, Respondent,**

v.

**COON'S CREEK, INC. a Corporation, Defendant,**

**Laplata State Bank, Appellant.**

**No. WD 56721.**

Missouri Court of Appeals, Western District.

Sept. 7, 1999.

Seth D. Shumaker, Kirksville, for appellant.

Garry Seltzer, Clayton, for respondent.

Before ULRICH, P.J., EDWIN H. SMITH, J. and HOWARD, J.

ROBERT G. ULRICH, Judge.

LaPlata State Bank appeals the judgment of the trial court granting Butler Supply Company a mechanic's lien with priority over the interests of LaPlata on the real property at issue in the case. On appeal, LaPlata contends that the trial court erred in finding that Butler's mechanic's lien takes priority over the deeds of trust granted to LaPlata because the deeds of trust were recorded prior in time to the date on which Butler's mechanic's lien arose and because the trial court failed to make the findings necessary to award Butler's mechanic's lien priority over its deeds of trust. The judgment of the trial court is affirmed.

## FACTS

Coons' Creek, Inc. acquired the real property at issue in this case by warranty deed on March 12, 1997. LaPlata State Bank provided Coons' Creek a loan in the amount of $100,000 on April 15, 1997, that was secured by a deed of trust on the land. LaPlata recorded the deed of trust with the Macon County Recorder on April 17, 1997. An initial advance on the loan was granted on April 15, 1997, in the amount of $21,489.48 to provide for work "previously performed" on the property. The balance of the loan was provided for completion of construction of the structure on the land and for the purchase of inventory and fixtures. On September 15, 1997, LaPlata granted a second loan to Coons' Creek in the amount of $25,000.00 for the purpose of business improvements and the installation of a sign. LaPlata secured the second loan by taking a second deed of trust on the property that was recorded on September 29, 1997. Butler Supply supplied materials to Coons' Creek for construction of improvements on the property from October 6, 1997, through October 18, 1997.

Butler filed its mechanic's lien claim in the circuit court on January 30, 1998. On March 12, 1998, Butler filed a petition to enforce a mechanic's lien on the property. Thereafter, the circuit court rendered a judgment awarding Butler a mechanic's lien on the property with priority as to the land and its improvements over the interests of LaPlata. This appeal followed.[1]

## POINT ON APPEAL

In its sole point on appeal, LaPlata contends that the trial court erred in finding that Butler Supply's mechanic's lien takes priority over its deeds of trust because LaPlata's deeds were recorded prior in time to the date on which Butler's mechanic's lien arose and because the trial court failed to make the findings necessary to give Butler's mechanic's lien priority over its deeds of trust.

Appellate review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the circuit court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Where, as here, neither party requested that the court issue findings of fact or conclusions of law, all fact issues are presumed to be in accord with the judgment, and the judgment of the trial court will be affirmed under any reasonable theory that may be supported by the evidence. *Westinghouse Elec. Co. v. Vann Realty Co.*, 568 S.W.2d 777, 781 (Mo. banc 1978); *American Family Mut. Ins. Co. v. Fehling*, 970 S.W.2d 844, 855 (Mo.App. W.D.1998).

Sections 429.050 and 429.060[2] govern the issue of priority of mechanic's liens. Section 429.050 provides that me-

---

1. In March 1999, Butler filed a motion to dismiss this appeal claiming this court lacked subject matter jurisdiction, and the motion was taken with the case. The motion to dismiss is denied. §§ 478.220 and 512.180.2, RSMo 1994.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

chanic's liens shall attach to the improvements constructed in preference to any prior lien. § 429.050; *Dave Kolb Grading, Inc. v. Lieberman Corp.*, 837 S.W.2d 924, 934 (Mo.App. E.D.1992); *Glasco Elec. Co. v. Best Elec. Co.* 751 S.W.2d 104, 111 (Mo. App. E.D.1988). Section 429. 060 provides that mechanic's liens shall be preferred, as to land as well as the improvements, to all other encumbrances subsequent to the commencement of the improvements. § 429.060; *Dave Kolb Grading*, 837 S.W.2d at 934; *Glasco*, 751 S.W.2d at 111. This concept is known as the "first spade rule." *Dave Kolb Grading*, 837 S.W.2d at 934. Under section 429.060 and the first spade rule, mechanic's liens attach with the first delivery of material or commencement of work. *Allied Pools, Inc. v. Sowash*, 735 S.W.2d 421, 426 (Mo.App. W.D. 1987); *Hammond v. Darlington*, 109 Mo. App. 333, 84 S.W. 446, 449 (Mo.App.1904).

> All mechanics' liens commence at the date of the first stroke of the ax or spade, and continue in the erection of the house, without regard to the time of their being filed, or of the doing of the work or furnishing the materials. The man who does the last of the painting or plumbing comes in part (sic) passu with him who built the foundation wall.

*Hammond*, 84 S.W. at 449. The purpose of the first spade rule is to give notice to a prospective lender by the work itself that there are materialmen or laborers in existence who expect to be paid. *Dave Kolb Grading*, 837 S.W.2d at 934. "When a loan is made after construction is started, the lender is put on notice of existing or potential mechanics' liens, and its mortgage loan is therefore properly inferior to those liens." *Id.* Mechanic's liens do not, however, take precedence over purchase money deeds of trust that secure repayment of funds used to purchase land upon which the improvements giving rise to the lien claims are erected. *Westinghouse Elec.*, 568 S.W.2d at 781; *Allied Pools*, 735 S.W.2d at 427.

■ In this case, the trial court did not err in finding that Butler's mechanic's lien takes priority over LaPlata's deeds of trust. First, the record revealed that LaPlata's deeds of trust were not purchase money deeds of trust to secure the repayment of funds used to purchase the land. The proceeds of the April 15, 1997 loan were used to pay for work previously performed on the property, for the completion of construction of the structure, and for the purchase of inventory and fixtures. The purpose of the September 15, 1997 loan was business improvements and installation of a sign.

Secondly, although Butler did not supply material to Coon's Creek until October 1997, after the recording of LaPlata's April and September 1997 deeds of trust, Butler's mechanic's lien attached prior to LaPlata's interests. Under the first spade rule, Butler's mechanic's lien attached with the first delivery of materials or commencement of work. *Allied Pools*, 735 S.W.2d at 426. Although an exact commencement date could not be determined from the record in this case, the record did reveal that work on the project commenced prior to April 15, 1997. A sworn affidavit of LaPlata's Executive Vice–President, Louis Berrey, contained in the record provided that the first advance on the April 15, 1997 promissory note was made on April 15, 1997, "for work *previously* performed on the site of the property...." (emphasis added). This evidence was sufficient to conclude that some work had been performed on the property prior to April 15, 1997, and that LaPlata was aware of the commencement of the work and, therefore, on notice of the existence of materialmen or laborers with possible mechanic's liens. Because Butler's mechanic's lien attached prior to LaPlata's recording of its deeds of trust, the trial court did not err in finding that Butler's mechanic's lien has priority over LaPlata's interest as to both the land and the improvements. § 429.060.

The judgment of the trial court is affirmed.

All concur.