**VANCE BROTHERS, INC.,**
Respondent,

v.

**OBERMILLER CONSTRUCTION
SERVICES, INC., Appellant.**

No. SC 86668.

Supreme Court of Missouri,
En Banc.

Jan. 10, 2006.

Charles E. Weedman, Jr., Harrisonville, for Appellant.

Anthony L. DeWitt and Edward D. Robertson, Jr., Jefferson City, Jerry J. Rellihan, Raymore, for Respondent.

## PER CURIAM.[1]

Obermiller Construction Services, Inc., was the general contractor for several retail stores. It engaged Vance Brothers, Inc., to apply microsurfacing to a parking lot. A dispute arose between the parties concerning the quality of work performed. Obermiller withheld payment. Vance brought suit. Obermiller counterclaimed, including a claim for breach of contract.

Neither party initially requested attorney fees. Prior to trial, however, the parties stipulated that they would allow the pleadings to be amended to include a prayer for attorney fees pursuant to section 431.180.[2] The parties also agreed that the trial judge would decide attorney fees after the jury's verdict.

The jury found for Vance both on its claim for payment and on Obermiller's counterclaim for breach of contract. Obermiller moved the trial court to "exercise its discretion" and not award fees to Vance based upon Obermiller's good faith in withholding payment. The court overruled the motion and awarded Vance $61,400.00 in attorney fees. Obermiller appeals. The judgment is affirmed.

## DISCUSSION

Obermiller claims for the first time on appeal that the trial court did not have jurisdiction because the suit relied on section 431.180 and was brought as a petition on account rather than on a contract.

---

**1.** This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Harold L. Lowenstein. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

**2.** All statutory references are to RSMo 2000. The pertinent provisions of section 431.180 state:

1. All persons who enter into a contract for private design or construction work after August 28, 1995, shall make all scheduled payments pursuant to the terms of the contract.

2. Any person who has not been paid in accordance with subsection 1 of this section may bring an action in a court of competent jurisdiction against a person who has failed to pay. The court may[,] in addition to any other award for damages, award interest at the rate of up to one and one-half percent per month from the date payment was due pursuant to the terms of the contract, and reasonable attorney fees, to the prevailing party. If the parties elect to resolve the dispute by arbitration pursuant to section 435.350, RSMo, the arbitrator may award any remedy that a court is authorized to award hereunder.

Vance contends that Obermiller's claim was not properly preserved for appeal.

 Generally, a litigant must preserve a claim of error in the trial court in order to be afforded appellate review.[3] An exception exists, however, when an appellant cites the trial court's lack of jurisdiction. The question of jurisdiction may be raised at any stage of the proceedings, even for the first time on appeal. *State Tax Comm'n v. Admin. Hearing Comm'n*, 641 S.W.2d 69, 73 (Mo. banc 1982). Because the alleged lack of statutory authority questions the jurisdiction of the court to enter the particular judgment in the particular case, such allegations need not be advanced to the trial court in order to be heard on appeal. *See State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57 (Mo. banc 1941). The claim is preserved.

 Although preserved, Obermiller's claim is not well-taken. The statute requires: (1) that the parties enter into a private construction contract and (2) that payments be made pursuant to the contract. Vance pleaded that it had entered "an agreement" with Obermiller. The agreement contains an offer, acceptance and consideration. In fact, Obermiller counterclaimed for breach of contract. As the parties tried the case on the basis that a contract existed, the pleadings are amended to conform to the evidence. *Rule 55.33(b)*. Vance also pleaded that no payments were made under the contract.[4]

 As Obermiller noted in its motion to amend answer, "[A]ll elements to bring [a claim under section 431.180] have been set forth in Vance's petition." Section 431.180 does not require that the action brought under the statute be one in contract. Vance brought "an" action (a petition on account), as mandated in section 431.180, to receive payment. This satisfies the statute.

 Obermiller next contends the award of attorney fees was improper because the statute requires an award of interest as a prerequisite to the awarding of attorney fees. The statute makes no such requirement. It states a court "*may* [,] in addition to any other award for damages, award interest ... from the date payment was due pursuant to the terms of the contract, and reasonable attorney fees, to the prevailing party.*" (Emphasis added.) Where a statute's language is clear, courts must give effect to its plain meaning and refrain from applying rules of construction unless there is some ambiguity. *Home Builders Ass'n of Greater St. Louis, Inc. v. City of Wildwood*, 107 S.W.3d 235, 239 (Mo. banc 2003). The statute places discretion in the court to award interest and attorney fees. No restriction is placed on the court's discretion to award attorney fees even if interest is not awarded. As the statute is clear, resort to other similar statutes to divine the meaning of section 431.180 is not permitted.[5]

## CONCLUSION

---

**3.** In a jury-tried case, an appellant must raise the alleged error in a motion for new trial in order to preserve the issue for appellate review. *Rule 78.07(a)(1)*.

**4.** Section 431.180 refers to scheduled "payments." Section 1.030 notes that when a statute uses a plural number, any single mat-

ter also is included. Multiple payments are not necessary to invoke section 431.180.

**5.** For the same reason, the "good faith" requirement explicitly set out in section 34.057 (the public prompt payment act) cannot be read into section 431.180, which contains no similar language.

The judgment is affirmed.[6]

All concur.

6. Obermiller's motions to dismiss the appeal and for appellate attorney fees are overruled.