**GLENSTONE BLOCK COMPANY, d/b/a Glen Block Hardware & Building Supplies, a Missouri Corporation, Plaintiff–Appellant,**

v.

**Vincent K. PEBWORTH d/b/a VIP Property Improvement, Parkview Bay Development, Inc., Jefferson Financial, Inc., and Union Planters Bank, Defendants–Respondents.**

**No. SD 29899.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 21, 2010.

Motion for Rehearing or Transfer Denied
Aug. 10, 2010.

Matthew P. Hamner, Camdenton, MO, for Appellant.

John E. Curran, Cole D. Bradbury, Osage Beach, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Parkview Bay Development, Inc. ("Respondent"), a corporation in the business of building condominiums, hired Vincent K. Pebworth as a subcontractor to construct a block wall at a building site Respondent was developing into condominiums. Pebworth, in turn, hired Glenstone Block Company ("Appellant") to manufacture and supply the blocks to make the wall. Appellant supplied the building materials for the construction of the wall between August and October of 2001. As further detailed below, Respondent paid for the development, in part, with funds secured from three loans. Because Appellant was never paid for some of the blocks, on February 1, 2002, Appellant filed a valid Amended Statement of Mechanic's Lien for the amount of $21,072.77 plus interest on the unpaid account. At issue is whether that mechanic's lien takes priority over a lien represented by the deed of trust. The trial court found the lien repre-

sented by the deed of trust was a purchase money deed of trust and not a construction loan. We disagree and reverse the judgment in favor of Respondent.

■ This appeal marks the second time the case is before us. In *Glenstone Block Co. v. Pebworth*, 264 S.W.3d 703 (Mo.App. S.D.2008) ("*Glenstone I*"), the issues were whether the mechanic's lien was valid and if the loan secured by the deed of trust was a construction loan. *Id.* at 716. The only documentary evidence admitted into evidence at the first trial regarding the purpose of the loan, whether it was to be used for construction purposes or not, was a promissory note for $2,300,000 that was secured by a deed of trust, admitted as exhibit 1. *Id.* Both the deed of trust and the promissory note were silent on the issue of what the $2,300,000 was to be used for. *Id.* Furthermore, the only testimony relating to whether the underlying loan secured by the deed of trust was a construction loan was that there was construction of some nature occurring at the condominium complex during the time the block wall was being constructed.[1] *Id.* Based on this evidence, the trial court determined that the mechanic's lien was valid and awarded Appellant an $18,629.32 judgment, plus interest. *Id.* at 706. The trial court also determined that the loan secured by the deed of trust was a construction loan, and ruled that the mechanic's lien was superior to the interests of Union

Planters Bank. *Id.* at 716. On appeal, this Court remanded the case because we found there was insufficient evidence to support the trial court's finding that the deed of trust was granted for a construction loan. *Id.*

In an effort to correct its sufficiency of evidence problem, on remand Appellant offered into evidence and the trial court admitted into evidence a First Loan Readvance Agreement ("Readvancement"), a $250,000 loan purporting to relate back to the $2,300,000 deed of trust that also referenced a related 1996 loan for $912,117. The first page of the Readvancement indicates that Respondent secured three loans from Jefferson Financial, Inc.[2] The first loan was for an initial principal sum of $912,117, given on September 26, 1996.[3] The second loan was for $2,300,000, given on February 26, 2001, and secured by a deed of trust on the land, which also referenced the $912,117 loan. The deed of trust, on its face, states an intention to be governed by section 443.055,[4] a statute set out below addressing the priority of future advances relating to deeds of trust that also defines the term construction loan. The final loan, the Readvancement, was given on February 8, 2002, to Respondent by Jefferson Financial, Inc.'s successor in interest, Union Planters Bank, and was for $250,000.

The $250,000 Readvancement was specifically earmarked for "the reconstruction

---

1. Bruce Barton, a manager for Appellant, testified that at some unspecified time when he visited the condominium complex, "[t]hey were building a building—buildings there." Todd Laramore, job superintendent for Respondent, testified that during construction of the block wall "Building 2 was about completed."

2. Jefferson Financial, Inc. was the lender on the first loan, and the beneficiary on the deed of trust. Jefferson Heritage Bank is the payee on the promissory note secured by the deed of

trust. Union Planters Bank, as successor in interest to Jefferson Savings and Loan Association, is the lender of the Readvancement.

3. The $2,300,000 promissory note and deed of trust state this loan was granted on October 31, 1996, but the $250,000 Readvancement states the loan was given on September 26, 1996.

4. All references to statutes are to RSMo 2000, unless otherwise specified.

and completion of the [block] wall," for which Appellant supplied the blocks. B.D. Van Stavern signed the Readvancement in his capacity as president of Respondent. The Readvancement, furthermore "shall be secured by, amongst other things, the aforementioned Deed of Trust." Additionally, the Readvancement makes reference to both the first $912,117 loan and the second $2,300,000 loan. The Readvancement states the first $912,117 loan was "for the acquisition of land and the development and construction of condominium Building No. 1, Parkview Bay Condominiums[.]" Likewise, the Readvancement states that the second $2,300,000 loan was "for the acquisition of land and development and construction of Building No. 10 of Parkview Bay Condominiums[.]" Also on remand, Appellant called Van Stavern to testify, and the following exchange occurred:

> [Appellant's Counsel]: Is it a true statement, Mr. Van Stavern, that this deed of trust, Exhibit 1–A,[5] as further identified by the [Readvancement], is in fact a construction loan for the construction of a condominium on Lot 2, Parkview Bay North, First Addition?
>
> [Van Stavern]: I believe that's what it said, yes, sir.

Van Stavern was also called to the stand by Respondent, where the following exchange occurred:

> [Respondent's Counsel]: [C]an you tell me that—whether or not this purchase—whether or not that promissory note that's secured by the deed of trust that's been marked as Exhibit 1–A is a purchase money deed of trust to reimburse your daughter Liz?
>
> [Van Stavern]: It was my belief that that's correct, sir."

Appellant's sole point on appeal seeks reversal as it claims the judgment was against the weight of the evidence presented and unsupported by substantial evidence because Respondent's liens under the loans waived their priority as to the mechanic's lien. We agree.

 In a bench trial, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Tower Props. Co. v. Allen*, 33 S.W.3d 684, 687 (Mo.App. W.D.2000). "A judgment should be set aside as being against the weight of the evidence only with caution and with a firm belief that the judgment is wrong." *Jerry Bennett Masonry, Inc. v. Crossland Const. Co., Inc.*, 171 S.W.3d 81, 88 (Mo.App. S.D.2005). "The trial court's judgment is presumed valid and the burden is on the appellant to demonstrate its incorrectness." *Schaefer v. Rivers*, 965 S.W.2d 954, 956 (Mo.App. S.D.1998).

A deed of trust is a form of a mortgage consisting of an instrument that "employ[s] an interest in real estate as security for the performance of some obligation." RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) SECTION 1.1 cmt. (1997). When a deed of trust is executed, legal title to real property is placed in one or more trustees, typically to secure the repayment of a sum of money. *Id.* Mechanic's liens are legislatively created claims that give a security interest to mechanics and materialmen for labor and materials furnished in the improvement of property, property that often is already encumbered by a mortgage, deed of trust, or similar instrument. Sections 429.010–429.350. Under section 429.050, a mechanic's lien for materials

---

**5.** Exhibit 1–A is the deed of trust with the promissory note it references attached, the same deed of trust which was admitted as Exhibit 1 in the first trial.

furnished "shall attach to the buildings, erections or improvements for which they were furnished ... in preference to any prior lien or encumbrance or mortgage upon the land upon which said buildings, erections or improvements ... have been erected." Section 429.050. Under section 429.060, a mechanic's lien for materials furnished shall be preferred to all other encumbrances which may be attached to or upon the building or improvement or the land upon which the building or improvement are situated, or either of them, subsequent to the commencement of such building or improvement. Section 429.060.

■ A lender who knows and contemplates that mechanic's liens and materialmen's liens can arise from a construction project for which the loan is being made waives the claim of priority of its deed of trust as to the mechanic's lien. *Cinco Enterprises, Inc. v. Lake St. Louis Estates Co., Inc.*, 557 S.W.2d 9, 10 (Mo.App.St.L.D. 1977).

Missouri has legislatively defined the term construction loan. Pursuant to section 443.055, a construction loan is a loan:

(a) Which is secured by a security instrument; and

(b) The proceeds of which, by agreement of the borrower and lender, are intended to be used for the construction, alteration, modification or addition of improvements to real property[.]

Section 443.055.1(3). Under section 443.055, the $250,000 Readvancement loan, the third loan in the series of loans, is a construction loan because the $250,000 Readvancement was secured by a security instrument, the deed of trust, and the proceeds were intended to be used for construction of improvements to real property, specifically "the reconstruction and completion of the [block] wall" for which Appellant supplied the blocks. As noted,

Van Stavern signed this agreement in his capacity as Respondent's president.

Additionally, the Readvancement makes reference to both the $912,117 loan and the $2,300,000 loan, providing clear evidence that the funds procured were to be used for construction. The Readvancement states the first $912,117 loan was "for the acquisition of land and the development and construction of condominium Building No. 1, Parkview Bay Condominiums[.]" Moreover, the Readvancement states that the $2,300,000 loan was "for the acquisition of land and development and construction of Building No. 10 of Parkview Bay Condominiums[.]"

Contrary to the evidence supporting the finding of the series of loans being construction loans, the trial court determined that the loans were purchase money loans, the import being Appellant's mechanic's lien would be inferior to the encumbrance levied by the supposed purchase money loan. The only evidence that supports the trial court's determination that the initial deed of trust was a purchase money deed of trust was the testimony of Van Stavern. The determination by the trial court that the deed of trust loan was not a construction loan contradicts the explicit language of the Readvancement and the testimony of Van Stavern during his initial examination when, in response to a question that asked whether the deed of trust was a construction loan, Van Stavern testified "I believe that's what it said, yes, sir." However, when later asked whether the $2,300,000 deed of trust was a purchase money deed of trust, Van Stavern responded "[i]t was my belief that that's correct, sir."

The documentary evidence shows that the three loans are clearly construction loans. Therefore, the beneficiary of the deed of trust waived its priority as to

Appellant's mechanic's lien. After a thorough review of the record, we are left with a firm belief that the judgment of the trial court is against the weight of the evidence and we reverse and remand with directions to enter judgment consistent with this opinion.

SCOTT, C.J., dissents in separate opinion.

FRANCIS, J., concurs.

DANIEL E. SCOTT, Chief Judge, dissenting.

Despite my empathy with the result, I cannot join it for several reasons.

Even after two hearings, evidence on the decisive "construction vs. purchase money" issue is embarrassingly thin. The deed of trust in question "is silent on this issue and on its face gives no hint that it was a construction loan as opposed to a purchase money deed of trust or other similar instrument." *Glenstone Block Co. v. Pebworth,* 264 S.W.3d 703, 716 (Mo.App. 2008).

Relevant testimony on remand came only from Mr. Van Stavern and was limited to (1) uncontested identification of documents, (2) one direct-examination answer describing the deed of trust as "a construction loan," and (3) one cross-examination answer calling the same document a "purchase money deed of trust." The only other new evidence was the Readvancement, which said the loan described by Mr. Van Stavern was for "the acquisition of land and development and construction" of a condominium (*i.e.,* for both purchase money and construction).[6]

I cannot deduce, with the requisite degree of confidence, the nature of this loan based only on this evidence. If Appellant had to prove the priority of its lien, Appellant suffers the consequence of the lack of proof.

Further, the trial court apparently credited Mr. Van Stavern's cross-examination testimony. It matters little whether I agree; the trial court was there and I was not. Thus, there is testimony supporting the judgment, and I cannot find that the weight of evidence is otherwise. As noted above, the record is so thin that I see no weight of evidence either way.

Since I cannot join in the result, I respectfully dissent.

---

6. The Readvancement supported a $250,000 construction loan made after the mechanic's lien and other loan transactions. Yet, as Respondent's counsel noted at the hearing on remand, "[t]hat doesn't change the fact that the original 2.3 million was a purchase money deed of trust"—or at least Mr. Van Stavern so testified and the trial court so found—"and that is the deed of trust which has the priority over [Appellant]'s mechanics lien."